# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Clayton T. Jones, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:20-cv-4063-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| Jeanette W. McBride, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Clayton T. Jones, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action against the Richland County Clerk of Court pursuant to 42 U.S.C. § 1983, alleging his due process rights were abridged and he was denied access to the courts when he was prohibited from filing complaints in state court for failure to provide a trust fund statement. (ECF No. 1). Plaintiff seeks an order instructing Defendant to file the complaints. *Id*. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process because the *Rooker-Feldman* doctrine precludes this court from instructing a state court to file a complaint that the state court had refused to accept because Plaintiff

did not provide the required documents. (ECF No. 9 at 3). Additionally, the magistrate judge determined that Plaintiff failed to plead his denial of access claim with specificity or to plausibly allege actual injury. *Id*. at 5. Finally, the magistrate judge concluded that Defendant is entitled to quasi-judicial immunity because the alleged acts at issue are "judicially-related acts performed for the state court." *Id*. Plaintiff was advised of his right to file specific objections to the Report, *id*. at 7, but he failed to do so. The time for Plaintiff to object to the Report has now expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court finds no clear error in the Report

and no reason to deviate from the recommendations of the magistrate judge. Accordingly, the court **ADOPTS** the Report (ECF No. 9), which is incorporated herein. This action is hereby **DISMISSED** *without prejudice* and without issuance and service of process. Furthermore, this action is designated as a **STRIKE** pursuant to 28 U.S.C. § 1915(g), as recommended by the magistrate judge.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 21, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules