# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Clayton T. Jones, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:20-cv-4063-TMC |
| v. | ) |
| | ) **ORDER** |
| Jeanette W. McBride, | ) |
| Defendant. | ) |

## I. Background

Plaintiff Clayton T. Jones, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action against the Richland County Clerk of Court pursuant to 42 U.S.C. § 1983, alleging his due process rights were abridged and he was denied access to the courts when he was prohibited from filing complaints in state court for failure to provide a trust fund statement. (ECF No. 1). Plaintiff seeks an order instructing Defendant to file the complaints. *Id*. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process because the *Rooker-Feldman* doctrine precludes this court from instructing a state

court to file a complaint that the state court had refused to accept because Plaintiff did not provide the required documents. (ECF No. 9 at 3). Additionally, the magistrate judge determined that Plaintiff failed to plead his denial of access claim with specificity or to plausibly allege actual injury. *Id*. at 5.  Finally, the magistrate judge concluded that Defendant is entitled to quasi-judicial immunity because the alleged acts at issue are "judicially-related acts performed for the state court." *Id*. Plaintiff was advised of his right to file specific objections to the Report. *Id*. at 7. On January 21, 2021, after the deadline for filing objections had passed, the court entered an order adopting the recommendation set forth in the Report dismissing this action without prejudice and without issuance or service of process. (ECF No. 12). Later the same day, the clerk's office received Plaintiff's objections to the Report which were post marked January 7, 2021 and would have been timely. (ECF Nos. 15; 15-1). Therefore, the court vacated its order of January 21, 2021 in order to consider Plaintiff's objections. (ECF No. 18).[1]

---

[1] In addition to filing objections, Plaintiff filed a document that the court construes as a motion for miscellaneous relief including appointment of counsel, a change of venue and reassignment to another division and/or district judge and magistrate judge. (ECF No. 16). The law is clear that there is no right to appointed counsel in § 1983 cases. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Although the court does enjoy the discretionary power to appoint counsel for an indigent in a civil action, such power should be exercised "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. Additionally, to the extent that Plaintiff seeks a change of venue or an assignment to a different district judge or magistrate judge, he has offered no justifiable basis for the court to do so. This motion is denied. (ECF No. 16).

2

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the

3

same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Because Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal

4

construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## III. Discussion

Although Plaintiff filed objections to the Report, his objections are, in large part, either unrelated to the magistrate judge's ultimate conclusions or repetitive of the allegations and arguments already presented to and rejected by the magistrate judge. Restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Nevertheless, the court is able to glean that Plaintiff (1) objects to the application of the *Rooker-Feldman* doctrine because the refusal to process his action was the act of the court clerk rather than a judge, (ECF No. 15 at 2); (2) objects to the determination that he failed to state an actual injury as a result of the Defendant's alleged actions, *id*. at 2; and (3) objects to the application of quasi-judicial immunity to Defendant because this action is "not seeking monetary relief" and because a county clerk of court does not have the authority to refuse to issue a summons upon the filing of a complaint, *id.* at 2–3.

With respect to Plaintiff's *Rooker-Feldman* objection, although Plaintiff is correct to the extent he generally suggests that *Rooker-Feldman* "applies only when

a state court renders a judgment—when the court 'investigates, declares, and enforces liabilities' based on application of law to fact[,]" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (internal quotation marks omitted); *see id*. ("*Rooker-Feldman* does not apply to 'ministerial' actions by court clerks." (internal quotation marks omitted)), federal courts have applied *Rooker-Feldman* in similar circumstances, *see, e.g., Macleod v. Bexley*, 730 F. App'x 845, 848 (11th Cir. 2018) (dismissing action under *Rooker-Feldman* where Plaintiff sued a county clerk of court for declining to accept a case for filing pursuant to a state court order finding Plaintiff to be a vexatious litigant). Moreover, as explained in the Report, even if Plaintiff's action is not barred by the *Rooker-Feldman* doctrine, the magistrate judge determined there is another basis requiring dismissal of this action.

As recognized by the magistrate judge, to make out a claim of denial of access to the courts, an inmate must identify with specificity an actual injury resulting from the alleged denial of access. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). That is, Plaintiff must demonstrate that his non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996). The magistrate judge found that Plaintiff "has not plausibly alleged actual injury—beyond asserting that if his civil actions had been filed he would no longer be incarcerated." (ECF No. 9 at 5). In his objections, Plaintiff points out that he

6

alleged "literally that [his] civil rights claims were not allowed to be filed in County Court." (ECF No. 15 at 2). But vague, general allegations that merely state a legal conclusion fall well short of what is required to demonstrate that a non-frivolous post-conviction or civil rights legal claim was frustrated. Plaintiff points to documents filed in a separate action previously before this court. *Id.*[2] These documents include letters from Defendant informing Plaintiff that an *in forma pauperis* determination could not be made until the clerk's office received a trust fund statement from the facility where he was incarcerated. More importantly, the documents included the state court actions which he alleges were not filed by Defendant—one sought compensatory and punitive damages and injunctive relief against the state court judge who presided over his preliminary criminal hearing and one sought relief against the attorney who represented him on the state charges. Neither action raises a non-frivolous claim that Defendant's alleged actions impeded.[3]

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, and after considering the objections filed

---

[2] *Jones v. State of S.C. and its agents*, C/A No. 3:20-cv-02132-TMC (ECF No. 34).
[3] As the magistrate judge rightly observed, Plaintiff's action is essentially an attempt to circumvent prior rulings by this court rejecting his repeated attempts to obtain federal interference with his state criminal proceedings. *See Jones v. State of S.C. and its agents*, C/A No. 3:20-cv-02132-TMC (D.S.C. Jan. 21, 2021); *Jones v. Odom*, C/A No. 3:19-cv-03326-TMC, 2020 WL 1445747 (D.S.C. Mar. 25, 2020), *aff'd* – F. App'x —, 2020 WL 4333350 (4th Cir. July 28, 2020).

by Plaintiff,[4] the court agrees with the recommendation that Plaintiff's action be dismissed without prejudice and without issuance and service of process. Accordingly, this action is hereby **DISMISSED** *without prejudice* and without issuance and service of process. Any pending motions not specified in this order are hereby **DENIED as moot**. Furthermore, this action is designated as a **STRIKE** pursuant to 28 U.S.C. § 1915(g), as recommended by the magistrate judge.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules

---

[4] In light of the court's disposition of this matter, the court need not address the issue of quasi-judicial immunity.